# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

BECQUELYN GREEN,

         *Plaintiff*,

v.

JACKSON PUBLIC SCHOOL DISTRICT,

         *Defendant*.

CAUSE NO. 3:22-CV-742-CWR-LGI

## ORDER

Before the Court is Jackson Public School District's motion to dismiss Becquelyn Green's complaint. For the reasons discussed below, JPS's motion will be denied.

**I.**    **Background**

Ms. Green is a former JPS employee who alleges that her termination violated the Americans with Disabilities Act. At this stage of the litigation, her allegations must be taken as true and interpreted in the light most favorable to her. *See Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 634 (5th Cir. 2014).

Ms. Green filed her complaint on December 21, 2022; she moved to proceed *in forma pauperis* (IFP) that same day. Ms. Green's IFP motion lacked the required information, so the Magistrate Judge ordered her to supplement the motion by September 25, 2023. She filed her renewed motion and was granted IFP status on November 19, 2023.

JPS had not been served within the 90 days required by Rule 4, so the Magistrate Judge ordered Ms. Green to show cause for her delay. Ms. Green then requested, and was granted, an extension of time to serve JPS.

The United States Marshals Service served JPS on May 22, 2024. JPS then moved to dismiss Ms. Green's complaint for insufficient service of process and for failure to state a claim. The Court will address each argument in turn.

## II.     Legal Standard

### A.     Insufficient Service of Process

A defendant may move to dismiss a complaint for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). "When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990). The district court enjoys "broad discretion" in determining whether to dismiss a matter for insufficient service of process. *George v. U.S. Dep't of Lab.*, 788 F.2d 1115, 1116 (5th Cir. 1986).

"[A] plaintiff proceeding in forma pauperis is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshals Service to properly effect service of process, where such failure is through no fault of the litigant." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).

### B.     Failure to State a Claim

A defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To survive a motion to dismiss, a complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662,

677-78 (2009) (cleaned up). Additionally, the plaintiff's claims must be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (cleaned up).

When considering a Rule 12(b)(6) motion to dismiss, the Court must accept the plaintiff's factual allegations as true and make reasonable inferences in the plaintiff's favor. *Johnson v. Harris Cnty.*, 83 F.4th 941, 945 (5th Cir. 2023). Though the Court must accept "all well-pled facts as true," it need not accept "threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement." *Id.* (quotation marks omitted).

**III.      Discussion**

    **A.      Ms. Green has shown good cause for failing to timely serve JPS.**

JPS argues that Ms. Green's case should be dismissed because her "delay and dilatory conduct here is inexcusable, particularly egregious and lengthy, and prejudicial." Docket No. 14 at 13.

Ms. Green was granted IFP status on November 19, 2023. At this point, she was entitled to service by the U.S. Marshals. Service had not been completed by March 25, 2024, so the Magistrate Judge ordered Ms. Green to show cause for the delay. Ms. Green promptly responded to the Court's order and was granted an extension of time to accomplish service. Service was then accomplished by the U.S. Marshals on May 21, 2024, and again by Ms. Green on May 24, 2024.

The record does not indicate that Ms. Green is the cause of JPS's delayed service. Although a considerable time elapsed before Ms. Green's IFP motion was adjudicated, her motion was granted, and she was entitled to rely on the Marshals Service to accomplish

service at that point. *See* Fed. R. Civ. P. 4(c)(3). Ms. Green promptly responded to the Magistrate Judge's Order and successfully accomplished service through a process server shortly after the Marshals Service did so, despite having no legal duty to do so.[1] These actions, taken together, constitute good cause for her failure to timely serve JPS. The motion on this ground is denied.

### B. Ms. Green shall amend her complaint.

JPS also argues that Ms. Green's case should be dismissed because her complaint fails to plausibly state an ADA violation.

The Court notes that Ms. Green included material facts in her response to JPS's motion which, if included in an amended complaint, could support her allegations against JPS. Allegations made by *pro se* plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Because of Rule 15(a)'s "presumption in favor of granting parties leave to amend," the Court is inclined to grant Ms. Green the opportunity to present her "best case." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004); *see Clay v. Epps*, No. 206-CV-56-KS-MTP, 2006 WL 2669470, at *3 (S.D. Miss. Sept. 18, 2006). The motion will be denied without prejudice.

## IV. Conclusion

JPS's motion to dismiss Ms. Green's complaint is denied without prejudice. Ms. Green shall file her amended complaint within 21 days.

**SO ORDERED**, this the 26th day of March, 2025.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[1] Ms. Green's decision to utilize a process server reflects her intent to diligently pursue this case. Her decision does not, however, cast doubt on her continued ability to proceed IFP.

4