### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

| | |
|---|---|
| **BECQUELYN GREEN**, | |
| *Plaintiff,* | |
| *v.* | CAUSE NO. 3:22-CV-742-CWR-LGI |
| **JACKSON PUBLIC SCHOOLS DISTRICT,** | |
| *Defendant.* | |

### <u>ORDER</u>

Plaintiff Becquelyn Green brings this cause against her former employer, Jackson Public Schools ("JPS"). Ms. Green alleges that JPS violated the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 1201 *et seq.* (the "ADA"). There are many motions pending before the Court.[1]

JPS's motion to dismiss is denied as moot. Ms. Green's motion to amend is granted. Ms. Green's motion to appoint counsel is denied. JPS's motions to strike are denied. JPS's motion to quash is denied. Ms. Green's motion for default judgment is denied. Ms. Green's motion for a jury trial is denied.

### I.    Background

Ms. Green is an educator, focusing on special education and biology subjects. Her allegations against JPS stem from situations that occurred during her employment at Murrah

---

[1] Those addressed herein are: Defendant's motion to dismiss, Docket No. 19, Plaintiff's motion to amend, Docket No. 23, Plaintiff's motion to appoint counsel, Docket No. 26, Defendant's motions to strike, Docket Nos. 29 at 31, Defendant's motion to quash, Docket No. 33, Plaintiff's motion for default judgment, Docket No. 41, and Plaintiff's motion for a jury trial, Docket No. 42.

High School. Specifically, Ms. Green claims that Murrah's administrators denied her disability accommodations and terminated her to prevent her promotion to an administrative role.

Ms. Green alleges various contentious verbal altercations occurred between her and Murrah administrators between 2015 and 2017. On April 1, 2016, Ms. Green sustained an on-the-job injury.[2] Through counsel, Ms. Green submitted requests for certain accommodations to continue working comfortably at Murrah. She requested a medical scooter, a teacher's assistant, and light duty work assignments. Ms. Green claims that the only accommodation offered to her was removal from outside monitor duty. Because she could not work comfortably under these conditions, and under the advisement of her medical provider, she took leave from Murrah during the 2017-2018 school year.

On May 29, 2018, Ms. Green was contacted by counsel for JPS via email. *See* Docket No. 20-6. This correspondence informed Ms. Green that she exhausted her FMLA leave and inquired whether she planned to return to work in August 2019. *Id.* Ms. Green responded to this email on June 4, 2018, explaining the circumstances for her leave and expressing her intent to return. *Id.* at 3-4.

Ms. Green was terminated from her employment at JPS on June 5, 2018. On June 20, 2018, JPS provided Ms. Green with a "Notice of the Reasons for Termination." Docket No. 20-7 at 5-7. There, JPS claims that Ms. Green's termination was due to her (1) failure to return to work and (2) neglect to respond to their inquiry regarding her return to work the following

---

[2] Ms. Green sustained a blood clot in her left leg, which caused "fairly extensive" deep vein thrombosis. Baptist Hospital Progress Notes, Docket No. 20-4 at 1.

fall. *Id.* Since her termination, Ms. Green has sought employment at other JPS schools to no avail.

Ms. Green filed her complaint on December 21, 2022. Docket No. 1. JPS promptly filed a motion to dismiss for failure to state a claim upon which relief could be granted. Docket No. 13. This Court denied that motion and afforded Ms. Green the opportunity to "present her best case." *Green v. Jackson Pub. Sch. Dist.*, No. 3:22-CV-742-CWR-LGI, 2025 WL 923489, at *2 (S.D. Miss. Mar. 26, 2025) (cleaned up) (citations omitted).

There have been numerous filings on the docket since this Court's order. On April 15, 2025, Ms. Green filed an amended complaint. Docket No. 18. There, Ms. Green alleges that (1) JPS failed to provide needed accommodations for her disability and (2) JPS terminated her despite her response to a staffing inquiry for the following schoolyear. *Id.* at 5. While her first amended complaint contains no additional details, more factual allegations are presented in her other filings.

JPS again moved to dismiss, citing the same reasons as those in its previous motion. Docket No. 19. On August 20, 2025, Ms. Green filed a second amended complaint without seeking leave of Court or consent from JPS. Docket No. 22. That same day, Ms. Green filed a motion to amend the prayer for relief within her second amended complaint, Docket No. 23, and an additional sur-reply to JPS's motion to dismiss, Docket No. 24. JPS's motions to strike embrace these three filings. Docket Nos. 29 and 31.

JPS also seeks to quash the service of Ms. Green's second amended complaint, arguing that it is procedurally defective and void under federal law. Docket No. 34. Ms. Green has moved for default judgment due to JPS's alleged lack of response to service of her second amended complaint. Docket No. 41. Each of these motions are before the Court.

3

II.    **Standards**

A. **Motion to Dismiss**

Defendants may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint "does not need detailed factual allegations," but the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A claim is plausible when the "factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (cleaned up). The Court must also "accept the plaintiff's factual allegations as true and make reasonable inferences in the plaintiff's favor." *Green*, 2025 WL 923489, at *1 (citing *Johnson v. Harris Cnty.*, 83 F.4th 941, 945 (5th Cir. 2023)).

When a party is proceeding *pro se*, their filings are to be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted). "A *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (cleaned up). Still, a *pro se* complaint "must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (citation omitted).

B. **Motion for Default Judgment**

Default Judgement involves a three-step analysis. *Helena Agri-Enters., LLC v. Grand Oak Farms*, No. 3:23-CV-193, 2023 WL 7713645, at *3 (S.D. Miss. Nov. 15, 2023); *see also S. Pipe & Supply Co. v. Wiseman*, No. 3:25-CV-420-CWR-LGI, 2025 WL 3565111, at *1 (S.D. Miss. Dec.

4

12, 2025) (applying same). First, the Court asks whether default judgment is procedurally warranted. *Id.* Second, "courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment." *J & J Sports Productions, Inc. v. Morelia Mex. Restaurant, Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015) (citing *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir.1975)). Third, the Court considers what relief, if any, the movant should receive. *Id.*

### III.    Discussion

The Court addresses (A) Defendant's motion to dismiss, (B) JPS's two motions to strike and their motion to quash, (C) Ms. Green's motion for default judgment, and finally (D) Ms. Green's motion to appoint counsel and motion for a jury trial.

### A.  Motion to Dismiss

JPS's motion to dismiss challenges Ms. Green's first amended complaint. However, Ms. Green has since filed a second amended complaint. *See* Docket No. 22. Although JPS argues that Ms. Green's second amended complaint was improperly filed, this Court affords her lenience due to her *pro se* status. Thus, the Court *sua sponte* grants Ms. Green leave to file her second amended complaint. Ms. Green's second amended complaint is now the operative complaint.[3]

---

[3] Ms. Green's second amended complaint identifies several claims of alleged discriminatory conduct. Docket No. 22 at 4. The Court may reference filings other than a *pro se* plaintiff's complaint to construe their asserted claims. *Shields v. Bates*, No. 3:13-CV-715-DPJ-FKB, 2014 WL 4215454, at *1 (S.D. Miss. Aug. 25, 2014) (referencing documents outside the complaint to construe the claims asserted). Based on Ms. Green's other filings, the Court construes her second amended complaint to allege four ADA claims against JPS: (1) termination of employment, (2) failure to promote, (3) failure to accommodate, and (4) retaliation.

This renders JPS's challenge to the first amended complaint moot. However, Ms. Green's first amended complaint still would likely have survived the motion to dismiss. JPS's motion to dismiss is denied as moot.

**B. Motions to Strike/Quash**

JPS has filed two motions to strike and one motion to quash. Docket Nos. 29, 31, and 33. Its first motion seeks to strike Ms. Green's second amended complaint, Docket No. 22, as well as her motion to amend her prayer for relief, Docket No. 23. Motion to Strike Memorandum, Docket No. 30. JPS's second motion seeks to strike Ms. Green's sur-reply to its motion to dismiss, Docket No. 24. Second Motion to Strike Memorandum, Docket No. 32. Finally, JPS's third motion seeks to quash service of Ms. Green's second amended complaint as procedurally defective and void under federal law. Motion to Quash Memorandum, Docket No. 34. The Court now considers these motions.

1. Firvst Motion to Strike

In light of the Court's ruling allowing the filing of Ms. Green's second amended complaint, JPS's motion to strike this complaint is denied as moot. The Court also construes Ms. Green's motion to amend, Docket No. 23, as an attempt to attach the referenced prayer for relief that was excluded from her second amended complaint. *See* Docket No. 22 at 6 (referencing an "attached form"). Therefore, procedurally, the Court will grant Ms. Green's motion to amend. But the Court will refer to Docket Nos. 22 and 23 together as Ms. Green's second amended complaint. This renders JPS's first motion to strike moot.

2. Second Motion to Strike

On April 28, 2025, JPS filed its second motion to dismiss. Docket No. 19. Ms. Green responded in opposition to this motion, Docket No. 20, and JPS replied to Ms. Green's

6

response, Docket No. 21. Ms. Green filed an additional opposition to the motion to dismiss, Docket No. 24, after JPS's reply was filed. Docket No. 31. JPS's motion to strike embraces this response. Because JPS's motion to dismiss challenges Ms. Green's first amended complaint, and because Ms. Green's first amended complaint is no longer the operative complaint, this motion to strike is denied as moot.

    3.  <u>Motion to Quash</u>

Ms. Green attempted to serve JPS with her second amended complaint through the use of the summons issued for her original complaint. "When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Nash v. Deutsche Bank Nat'l Tr. Co.*, No. 1:15-CV-411-HSO-JCG, 2016 WL 3620785, at *3 (S.D. Miss. June 29, 2016) (quoting *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990)). Yet "[w]here a summons contains a technical defect, but that defect does not prejudice the defendant, the error is harmless[.]" *Treadway v. River Region Med. Corp.*, No. CIVA 5:06-CV-20-DCB-JMR, 2007 WL 43824, at *2 (S.D. Miss. Jan. 5, 2007) (citation omitted).

JPS has not provided any evidence to show that the alleged defect caused prejudice. Thus, "the Court must conclude" that JPS was "not harmed by the minor technical defect in the summons." *Id.* Their motion to quash is denied.

**C. Motion for Default Judgment**

Ms. Green argues that default judgment is due because JPS did not respond to her second amended complaint. Docket No. 41. In the Fifth Circuit, application of the six factors enumerated in *Lindsey v. Prive Corp.* determines whether a default judgment is procedurally proper.

> Relevant factors include [1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

161 F.3d 886, 893 (5th Cir. 1998) (bracketed numerals added); *see Helena Agri-Enters., LLC v. Grand Oak Farms*, No. 3:23-CV-193-DPJ-FKB, 2023 WL 7713645, at *3 (S.D. Miss. Nov. 15, 2023) (citation omitted). Based on these factors, the Court does not find default judgment to be procedurally warranted. Ms. Green's motion for default judgment is denied.

### D.  Other Motions

Ms. Green has also filed a motion to appoint counsel, Docket No. 26, and a motion for a jury trial, Docket No. 42. Both motions are denied. Ms. Green is free to retain the counsel of her choice, should she intend to do so. Furthermore, a jury trial may only be scheduled in this cause when the Court finds that such trial is procedurally warranted.

### IV.     Conclusion

For these reasons, the Court orders the following: JPS's motion to dismiss, Docket No. 19, is denied; Ms. Green's motion to amend, Docket No. 23, is granted; Ms. Green's motion to appoint counsel, Docket No. 26, is denied; JPS's motions to strike, Docket Nos. 29 and 31, are denied; JPS's motion to quash, Docket No. 33, is denied; Ms. Green's motion for default judgment, Docket No. 41, is denied; and Ms. Green's motion for a jury trial, Docket No. 42, is denied.

The parties are hereby directed to contact Magistrate Judge Isaac for a scheduling conference in this cause. Because Ms. Green's second amended complaint is operative, JPS is ordered to file its responses by Monday, June 1, 2026.

**SO ORDERED**, this the 1st day of May, 2026.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE